United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Douglas Longhini, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-20351-Civ-Scola |
| West Palm Plaza, Inc., and | ) |
| Manhattan Big Apple, Inc. d/b/a | ) |
| Manhattan Pizza Place, Defendants. | ) |

## Order on Defendant's Motion to Dismiss

The Plaintiff brings this suit under the Americans with Disability Act, 42 U.S.C. §§ 12101-12103, 12181-12205a ("ADA"). Defendant Manhattan Big Apple, Inc., doing business as Manhattan Pizza Place ("Manhattan Pizza"), has filed a Motion to Dismiss Plaintiff's Complaint as Moot (ECF No. 43). For the reasons set forth below, the Court **denies** the Defendant's motion to dismiss (**ECF No. 43**).

1. **Background**

Plaintiff Douglas Longhini has a physical impairment that requires him to use a wheelchair. (Compl. ¶ 4-5, ECF No. 1.) In 2016, Longhini visited a shopping center owned by Defendant West Palm Plaza. (*Id.* ¶¶ 7, 15.) Defendant Manhattan Pizza operates a restaurant in the shopping center. (*Id.* ¶ 9.) Longhini was not able to access the parking lot, entrance access and path of travel at the shopping center, and was not able to access all of the goods and services, including the restrooms, at Manhattan Pizza's restaurant without encountering architectural barriers. (*Id.* ¶ 17.) The Complaint contains a list of the specific barriers that Longhini encountered. (*Id.* ¶ 25.) Longhini filed suit under the ADA on January 26, 2017, seeking a permanent injunction and an award of attorneys' fees and costs.

2. **Legal Standard**

Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. "There are three strands of justiciability doctrine – standing, ripeness, and mootness – that go to the heart of the Article III case or controversy requirement." *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (quoting *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)). With respect to mootness, the Supreme Court "has explained 'a federal court has no

authority to give opinions upon moot questions. . .'" *Id.* (quoting *Church of Scientology of Cal. V. United States*, 506 U.S. 9, 12 (1992)). A case is moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. South Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotations and citations omitted); *see also Christian Coal.*, 662 F.3d at 1189 (citations omitted); *Zinni*, 692 F.3d at 1166 (citations omitted). A live controversy must exist throughout all stages of a court's review, not just at the time the complaint is filed. *Christian Coal.*, 662 F.3d at 1189-90 (citing *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

Motions to dismiss a complaint for lack of subject matter jurisdiction can consist of either a facial or factual attack on the complaint. *Id.* (citing *McElmurray v. Consol. Gov't of Augusta – Richmond Cnty*, 501 F.3d 1244, 1250 (11th Cir. 2007)). A facial attack requires the court to "merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," whereas a factual attack "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233-34 (citing *McElmurray*, 501 F.3d at 1251). "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." *Id.* at 1232 (citations omitted).

### 3. Analysis

Here, Manhattan Pizza has asserted a factual challenge to the Court's subject matter jurisdiction, arguing that it has remedied all of the violations alleged in the Complaint "to the extent they existed and to the extent they prevented Plaintiff's equal access and enjoyment of the Subject Facility." (Mot. to Dismiss at 5-6.) As support, Manhattan Pizza provided an ADA Post Compliance Inspection Report (the "Inspection Report") from ADA Compliance Specialists, Inc. (Report, ECF No. 43-1.) In response, the Plaintiff argues that the Defendant has not remedied all of the alleged deficiencies. (Resp. in Opp. at 3-4, ECF No. 52.) As support, the Plaintiff provided an affidavit from one of his experts, who inspected the shopping center after the date of the Defendant's Inspection Report. (Affidavit, ECF No. 52-1.) The Plaintiff's expert stated that, "although some remediation work had been completed, the majority of the allegations were not remediated at all or remediated in a manner not as required by the 2010 ADA Standards." (*Id.* ¶ 6.)

The standard for dismissing a case on the basis of mootness is "stringent." *U.S. v. Concentrated Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.*; *see also Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173,

1183 (holding that the defendant had not "met its heavy burden of showing under controlling law that it is 'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189, 120 S.Ct. 639 (2000)). The burden of establishing that the challenged conduct cannot reasonably be expected to recur lies with the party asserting mootness. *Sheely*, 505 F.3d at 1184. The Eleventh Circuit has set forth three factors to consider in determining whether a controversy is moot: (1) whether the challenged conduct was isolated or unintentional; (2) whether the cessation of the conduct "was motivated by a genuine change of heart or timed to anticipate suit"; and (3) whether the defendant has acknowledged liability. *Id.* The last factor recognizes that "a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Id.* at 1183 (internal quotations and citations omitted).

With respect to the first factor, Manhattan Pizza asserts that this is the first complaint that it has received under the ADA. (Mot. to Dismiss at 2.) With respect to the second factor, it is evident from the date of the Inspection Report that the alleged remedies were initiated only after the filing of the Complaint in this matter. With respect to the third factor, Manhattan Pizza has not acknowledged liability with respect to all of the violations identified in the Complaint. For example, with respect to the alleged inaccessibility of the bathrooms, Manhattan Pizza disputes that the restrooms are publicly accessible and subject to the ADA. (*Id.* at 6.) Rather, Manhattan Pizza asserts that the bathrooms are solely for employees. (*Id.*) In addition, Manhattan Pizza's assertions that the violations have been remedied are all accompanied by the disclaimer "to the extent any existed." (*See, e.g.*, *id.* at 2.)

The Plaintiff has rebutted Manhattan Pizza's assertions that the violations have been remedied with an affidavit from its expert. Moreover, the Plaintiff has provided pictures to support his assertion that when he visited Manhattan Pizza, he was permitted to use the bathrooms. (Ex. B, ECF No. 52-2.) In light of these factual disputes, and because Manhattan Pizza has not admitted liability with respect to all of the alleged violations, it is clear that the controversy is not moot. Manhattan Pizza has not met the "formidable, heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again." *Sheely*, 505 F.3d at 1184 (internal quotations and citations omitted).

In addition to its mootness argument, Manhattan Pizza argues that the Plaintiff has not established that he will suffer irreparable harm as a result of the alleged violations of the ADA because the Plaintiff has not provided the Court "with any evidentiary basis there is a realistic threat of irreparable harm." (Mot. to Dismiss at 6-7.) Manhattan Pizza believes that the Plaintiff

should have attached an affidavit or some other evidence to the Complaint to demonstrate that immediate and irreparable harm will in fact occur. (*Id.*) However, it is well-established that a plaintiff's allegation that he intends on visiting the subject premises in the near future is sufficient to establish standing to seek injunctive relief under the ADA. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1337 (11th Cir. 2013) (holding that the plaintiff had standing to seek injunctive relief under the ADA because he alleged that he traveled to Miami-Dade County on a regular basis and expected to continue to do so in the future, and that he wished to return to the subject premises, which was located in Miami-Dade County); *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1239 (11th Cir. 2000) (holding that allegation that the plaintiff would take another cruise aboard the defendant's ship in the near future was sufficient to properly plead standing to seek injunctive relief under the ADA); *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1296 (S.D. Fla. 2012) (Marra, J.) (holding that the plaintiff's allegation that he intended to return to the property in the near future was sufficient to support standing to seek injunctive relief under the ADA). The Plaintiff has made such an allegation here. (Compl. ¶¶ 18, 22-23.) On a motion to dismiss, the Court must accept the allegations in the Complaint as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). There is no requirement that the Plaintiff support the allegations in the Complaint with evidence at this stage in the case.

    4. **Conclusion**

Accordingly, the Court **denies** Defendant Manhattan Pizza's motion to dismiss (**ECF No. 43**).

**Done and ordered** in chambers, at Miami, Florida, on October 3, 2017.

_____
Robert N. Scola, Jr.
United States District Judge