United States District Court
for the
Southern District of Florida

Douglas Longhini, Plaintiff,           )
                                       )
v.                                     )
                                       ) Civil Action No. 17-20351-Civ-Scola
West Palm Plaza, Inc., and             )
Manhattan Big Apple, Inc. d/b/a        )
Manhattan Pizza Place, Defendants.     )

## Order Denying Plaintiff's Motion to Allow Expert Disclosures

This matter is set for trial during the two-week period beginning November 27, 2017, with calendar call scheduled for November 21, 2017. The deadline to complete fact discovery and exchange expert witness summaries/reports was July 17, 2017, and the deadline to complete expert discovery was September 6, 2017. On October 30, 2017, the parties filed a Joint Pretrial Stipulation (ECF No. 59.) The stipulation represented that the Plaintiff intended to call one witness: himself. (*Id.* at 9.) Nevertheless, on November 14, 2017, the Plaintiff filed an Expert Designation disclosing, for the first time, an expert witness (ECF No. 65). Shortly thereafter, the Plaintiff filed two Motions to Allow Expert Disclosures, requesting that the Court permit the late disclosure of the expert witness and permit the expert to testify at the trial (ECF Nos. 66, 67). One of the motions (ECF No. 66) appears to have been filed in error since it is a redline version that contains edits and comments.

A court's scheduling-order deadlines may only be modified upon a showing of "good cause." Fed. R. Civ. P. 16(b)(4). To establish good cause to justify an extension of pretrial deadlines a party must show that they have acted diligently, but despite their conscientious efforts they are unable to meet the deadline. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Diligence in this context means working "earnestly, steadily, energetically, and conscientiously." *Freedman v. Suntrust Banks, Ind.*, No. 6:15-1657, at *6, 2016 WL 3196464 (M.D. Fla. June 9, 2016).

The Plaintiff identifies two reasons for disclosing an expert witness on the eve of trial. First, Plaintiff's counsel represents that the attorney handling this matter, Mr. Sheskin, resigned without notice on August 14, 2017. (Mot. at 1.) Apparently the attorney did not notify anyone of upcoming deadlines in his cases. (*Id.*) The problem for Plaintiff's counsel is that they have been relying on this excuse for almost three months. On August 18, 2017, the Court entered

an order noting that the Plaintiff had failed to respond to Defendant Manhattan Big Apple, Inc.'s Motion to Dismiss Complaint as Moot (ECF No. 48). The Court ordered the Plaintiff to show cause why the motion should not be granted. (*Id.*) On August 22, 2017, the Plaintiff filed a response to the motion, as well as a Response to DE [48] Order to Show Cause. The response to the order to show cause stated that Mr. Sheskin had resigned without notice and did not notify anyone of the deadline (ECF No. 53). The response represented to the Court that "Undersigned Counsel has implemented procedural changes to ensure a response." (*Id.*) Thus, as of August 22, 2017, Plaintiff's counsel was aware of this matter and represented to the Court that changes were being implemented. At that time, there were still fifteen days remaining to complete expert discovery.

The Plaintiff did not request any extensions of time or file anything further with the Court until October 10, 2017, at which time the Plaintiff filed a Motion for Extension of Time to Comply with Court's Scheduling Order, asking the Court to extend the deadline to file pretrial motions until November 8, 2017 (ECF No. 56). The deadline to file pretrial motions had expired fourteen days prior to the filing of the motion. The Plaintiff once again blamed his failure to comply with the Scheduling Order on Mr. Sheskin's departure, and also stated that Hurricane Irma had interfered with counsel's ability to timely file pretrial motions. The Court denied the motion without prejudice because it did not contain the pre-filing conference certification required by Local Rule 7.1(a)(3) (ECF No. 57). The Plaintiff never re-filed the motion.

Although the Court initially had sympathy for the plight of Plaintiff's counsel and permitted the Plaintiff to file a late response to the motion to dismiss, the time for Plaintiff's counsel to credibly blame their repeated failure to comply with deadlines on Mr. Sheskin's departure expired long ago. Plaintiff's counsel has been aware of this matter since August 22, 2017, prior to the close of expert discovery, and had ample time to file a motion to extend the time for expert discovery. The second reason for the delay proffered by Plaintiff's counsel is that they began preparations to close their office for Hurricane Irma on September 6, 2017, and that the office remained closed through September 21, 2017. (Mot. at 2.) However, in light of the fact that the Plaintiff did not disclose the expert witness until November 14, 2017, the fact that Plaintiff's counsel's office was closed for a sixteen-day period in September does not establish that the Plaintiff acted diligently.

It is inexcusable that the Plaintiff waited until seven days prior to the calendar call to disclose his expert witness. The facts set forth above demonstrate a shocking lack of diligence on the part of the Plaintiff. The Eleventh Circuit has indicated that this should end the Court's inquiry. *See*

*Sosa*, 133 F.3d at 1418 ("If a party was not diligent, the good cause inquiry should end.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Accordingly, the Court **denies** the Plaintiff's Motions to Allow Expert Disclosures (**ECF Nos. 66, 67**) and **strikes** the Plaintiff's Expert Designation (**ECF No. 65**).

**Done and ordered** at Miami, Florida on November 15, 2017.

Robert N. Scola, Jr.
United States District Judge