United States District Court
for the
Southern District of Florida

| Douglas Longhini, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 17-20351-Civ-Scola |
| West Palm Plaza, Inc., and | ) | |
| Manhattan Big Apple, Inc. d/b/a | ) | |
| Manhattan Pizza Place, Defendants. | ) | |

## **Judgment on Partial Findings**

The Plaintiff brings this action under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "ADA"), alleging that he encountered architectural barriers at the Defendants' shopping center and restaurant that prevented him from full and equal enjoyment of the premises. The Plaintiff seeks injunctive relief, as well as attorneys' fees and costs.

Plaintiff Douglas Longhini alleges that he has a physical impairment that requires him to use a wheelchair to ambulate. Defendant West Palm Plaza, Inc. ("West Palm Plaza") owns a shopping center located at 2301-2399 West 52nd Street, Hialeah, FL. Defendant Manhattan Big Apple, Inc., doing business as Manhattan Pizza Place ("Manhattan Pizza"), leases a restaurant in West Palm Plaza's shopping center. West Palm Plaza has asserted a cross-claim against Manhattan Pizza, asserting that, pursuant to its lease agreement, Manhattan Pizza is obligated to indemnify West Palm Plaza for any liability in this matter. The Plaintiff has reached a settlement agreement with Manhattan Pizza but West Palm Plaza continues to pursue its cross-claim against Manhattan Pizza.

The parties do not dispute that the shopping center is a place of public accommodation under the ADA. Nor do they dispute whether the Plaintiff is a qualified individual under the ADA. The issue remaining to be determined is: whether the Plaintiff was denied the full and equal enjoyment of West Palm Plaza's goods, services, facilities, privileges, advantages, or accommodations because of his disability.

On November 27, 2017, the Court held a non-jury trial. Prior to the trial, the parties submitted a Joint Pretrial Stipulation (ECF No. 59), as well as their proposed findings of fact and conclusions of law (ECF Nos. 61, 62.) The Court has carefully reviewed these submissions.

At the close of the Plaintiff's case, West Palm Plaza moved for judgment, which the Court construed as a motion under Federal Rule of Civil Procedure 52(c) for a judgment on partial findings.

The Court has considered the credible testimony and evidence presented by the Plaintiff. The Court has further considered the applicable law. The Court, as announced on the record, finds that the Plaintiff failed to carry his burden of establishing that Defendant West Palm Plaza violated the Plaintiff's rights under the ADA. As a result, the Court finds in favor of the Defendant West Palm Plaza on Count One, the only count, of the Complaint. Following the announcement of the Court's ruling, West Palm Plaza and Manhattan Pizza informed the Court that they had resolved West Palm Plaza's cross-claim.

1. **Legal Standard**

Under Rule 52(c), "if a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue." Fed. R. Civ. P. 52(c). A judgment on partial findings must be supported by separately stated findings of fact and conclusions of law. *Id.*

"A Rule 52(c) motion may be granted if . . . based on the evidence before it, the court finds, after resolving the credibility issues and weighing the evidence, for the defendant." *Denson v. United States*, 574 F.3d 1318, 1334 n. 48 (11th Cir. 2009). "In addressing a Rule 52(c) motion, the court does not view the evidence in the light most favorable to the nonmoving party, as it would in passing on a Rule 56 motion for summary judgment or a Rule 50(a) motion for judgment as a matter of law; instead, it exercises its role as factfinder." *United States v. $242,484.00*, 389 F.3d 1149, 1172 (11th Cir. 2004). "[T]he court must weigh the evidence and may consider the witnesses' credibility." *Caro-Galvan v. Curtis Richardson, Inc.*, 993 F.2d 1500, 1504 (11th Cir. 1993) (citing *Chris Berg, Inc. v. Acme Mining Co.,* 893 F.2d 1235, 1238 n. 2 (11th Cir.1990).)

2. **Summary of the Testimony**

**A. Risset Ferro (West Palm Plaza's Corporate Representative)**

Ferro works at 8155 NW 155 Street in Miami Lakes and has worked for West Palm Plaza, Inc. for the past 25 years. She is presently the vice president.

There have been renovations to the Plaza such as roof and painting. She does not recall any buildings, including a car wash, having been built on the premises. She does not recall whether the parking lot was re-paved during the time she has worked there.

### B. Douglas Longhini

Longhini is 44 years old and presently resides with his father. He previously lived with his mother but she passed away. Longhini has worked in the past in service positions but has not worked since 2013 or 2014.

Longhini suffers from cerebral palsy which restricts his physical movements. He is the president of the National Center for Accessibility which advocates for the rights of disabled persons.

He has attended three ADA symposiums and has taken classes on the ADA. He is three credits short of becoming an ADA coordinator.

Longhini visited West Palm Plaza yesterday. Longhini has been to the Plaza on three occasions and plans to return to the Plaza in the future. The first time he went to the Plaza in 2016, he encountered what he describes as architectural barriers.

Numerous photos were introduced showing the outside of the Manhattan Pizza store, a protruding curb ramp that goes into the path of traffic, several handicapped parking spaces, a section of a sidewalk without a curb ramp.

### 3. Findings of Fact

At the trial, West Palm Plaza stated that it does not dispute that Douglas Longhini has a disability, and stipulated that West Palm Plaza owns the real property located at 2301-2399 West 52nd Street, Hialeah, FL. With respect to whether Longhini was denied the full and equal enjoyment of West Palm Plaza's goods, services, facilities, privileges, advantages, or accommodations because of his disability, the relevant facts adduced by the Plaintiff are summarized above. The Court finds Longhini's testimony to be credible. However, Longhini is not an expert and his testimony falls far short of what is required to meet his burden.

### 4. Conclusions of Law

The Court has jurisdiction over this matter under the ADA. Title III of the ADA prohibits the owner of a place of public accommodation from discriminating "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). Thus, in order to establish a claim for discrimination under the ADA, the Plaintiff must prove that: (1) he is disabled; (2) the subject facility is a public accommodation; and (3) he was denied full and equal enjoyment of the Shopping Center as a result of his disability. *See Ass'n for Disabled Americans, Inc. v. Concorde Gaming*

*Corp.*, 158 F.Supp.2d 1353, 1359-60 (S.D. Fla. 2001) (Highsmith, J.). With respect to the third element, the ADA "sets forth accessibility guidelines, which identify the minimum technical requirements for ADA compliance for new construction and alterations to existing facilities . . . The Act imposes a less rigorous standard of compliance on 'existing facilities,' constructed before its enactment on January 26, 1993." *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1362 (S.D. Fla. 2001) (Moore, J.) (internal citations omitted).

If a defendant owns a facility constructed before the ADA's enactment, a plaintiff "must show that the existing facility presents an architectural barrier that is prohibited under the ADA, the removal of which is readily achievable." *Access Now*, 161 F.Supp.2d at 1363 (citing *Colorado Cross Disability Coalition v. Hermanson Family L.P.*, 264 F.3d 999 (10th Cir. 2001)). In determining whether removal of a barrier is readily achievable, courts consider:

> (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity; and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

*Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006) (citing 42 U.S.C. 12181(9)).

By contrast, alterations made to existing facilities after January 26, 1992 must be "readily accessible to and usable by individuals with disabilities," but only "to the maximum extent feasible." 28 C.F.R. § 36.402(a)(1); *see also* 42 U.S.C. § 12183(a)(2); *Kennedy v. Del Viso, LLC*, No. 15-80699-CIV, 2015 WL 13554982, at *5 (S.D. Fla. Oct. 23, 2015) (Bloom, J.) (citations omitted). The ADA defines an alteration as a change "that affects or could affect the usability of the building or facility or any part thereof." 28 C.F.R. § 36.402(b). Each altered element, space, or area must comply with "either the 1991 ADA Standards for Accessible Design ("1991 Standards"), 28 C.F.R. pt. 36, App. D, or the 2010 ADA Standards for Accessible Design ("2010 Standards"), which consist of the 2004 ADA Accessibility Guidelines ("ADAAG"), 36 C.F.R. pt. 1191, Apps. B, D, and the requirements contained in 28 C.F.R. §§ 36.401

through 36.406." *Kennedy*, 2015 WL 13554982, at *5; *see also* 28 C.F.R. § 36.402(b)(2). The plaintiff bears the "initial burden of production identifying some manner in which the alteration could be, or could have been, made 'readily accessible and usable by individuals with disabilities, including individuals who use wheelchairs . . . .'" *Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 372 (2nd Cir. 2008) (quoting 42 U.S.C. § 12183; 28 C.F.R. § 36.402)).

The Plaintiff failed to produce any admissible evidence to establish: (1) that the barriers that he encountered violate the ADA, and (2) that removal of the barriers is readily achievable or, in the alternative, that the facility was altered after the enactment of the ADA and that the alterations could have been made readily accessible to and usable by individuals with disabilities. He failed to timely list an expert to support his alleged ADA violations and failed to timely obtain and present any evidence as to either whether the removal of any barriers is readily achievable or whether the facility was altered after the enactment of the ADA.

**5. Conclusion and Order**

In accordance with the foregoing, the Court grants what it construes to be West Palm Plaza's ore tenus Rule 52(c) motion and therefore enters judgment in favor of West Palm Plaza on all claims asserted by Longhini. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on November 27, 2017.

_____
Robert N. Scola, Jr.
United States District Judge